**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) REGARDING 'ISMÄ'IL#1921 | Misc. No. 2:24-mc-82-KFW <br><br> **Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Kingdom of Denmark ("Denmark"). The proposed Order would require Discord, Inc. (Discord), an electronic communication service and/or remote computing service provider headquartered in San Francisco, California, to disclose certain records and other information pertaining to the Discord profile 'Ismä'il#1921, associated with the email address dmit.riizmaylov123@gmail.com, ID 917817350756114453, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  Discord is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Discord to disclose the items described in Part II of Attachment A. *See* 18

U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  Pursuant to the Convention, this Court has jurisdiction to issue the proposed Order. *See* Convention arts. 25 & 27 (setting out procedures for mutual assistance requests by parties to the Convention). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); see also 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed … [in] the district in which a related Federal criminal investigation or prosecution is being conducted").

3.  Section 3512 provides in relevant part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Denmark's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Denmark in connection with a criminal investigation and/or prosecution.

  4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

  5. Authorities in Denmark are investigating Bjarke Magnus Thorsen for promoting and facilitating the activities of the international terror organization the Islamic State, in violation of the criminal law of Denmark, specifically, the first sentence of section 114e of the Danish Penal Code. A copy of relevant portions of the Danish Penal Code is appended to this application. The United States, through the Office of International Affairs, received a request from Denmark to provide the requested records to assist in the criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

  6. On February 10, 2022, FBI Special Agent Nathan Jacobs obtained search warrants for 80 Front Street, Apartment 1, in Waterville, Maine; and for the person of Xavier Pelkey, an 18-year-old male who resided at that address. Jacobs obtained the

warrants as part of an FBI investigation into a plot to commit a violent attack at a mosque in the Chicago area using firearms and explosives.

7. FBI agents executed the search warrants the following day, February 11, 2022. Based on items discovered while executing the warrant at the Waterville residence, Xavier Pelkey was arrested on a probable cause basis. Later the same day, Pelkey was charged by criminal complaint with possession of unregistered destructive devices. Pelkey was subsequently charged by superseding indictment with that same offense and with conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A. On April 7, 2023, Pelkey pleaded guilty to conspiring to provide material support to terrorists. On November 6, 2023, he was sentenced to 15 years in prison and 20 years of supervised release.

8. As part of the same investigation, FBI agents obtained information showing that Bjarke Magnus Thorsen had communicated with Xavier Pelkey and his co-conspirators via Instagram. These communications included Thorsen providing guidance on attack objectives and sending links to propaganda regarding the Islamic State.

9. On April 27, 2022, the Copenhagen Police arrested Thorsen and charged him with violating the first sentence of section 114e of the Danish Penal Code. Based on a court order, police searched Thorsen's residence in connection with the arrest. During the search, a mobile telephone was found in the residence. The telephone contained information identifying the Discord account referenced above. Danish investigators believe that the Discord account may provide additional information regarding Thorsen's communications with others about the Islamic State, particularly because

during their Instagram chats, Thorsen and others discussed the need to move their communications from Instagram to Discord.

## REQUEST FOR ORDER

10. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Denmark identify additional evidence regarding Thorsen's actions in promoting the activities of the Islamic State. Accordingly, the United States requests that Discord be directed to produce all items described in Part II of Attachment A to the proposed Order.

11. The United States further requests that the Order require Discord not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a time period of 180 days, until August 19, 2024. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

12. In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation, aspects of which are not known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Much of the information pertaining to the activity under investigation is likely stored electronically, and disclosure of the investigation may cause the target to cause the destruction of that information. Accordingly, there is reason to believe that

notification of the existence of the attached court order will seriously jeopardize the investigation, including by giving the target to destroy or tamper with evidence.

13. The United States further requests that the Court order that this application and any resulting order be sealed until August 19, 2024. As explained above, these documents discuss an ongoing criminal investigation, aspects of which are not known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: February 21, 2024    Respectfully submitted,

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

/s/ Craig M. Wolff
Craig M. Wolff
Assistant U.S. Attorney